B104 (FORM 104) (08/07)                                                                                EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JAMES RIVER COAL COMPANY, *et al.* | **DEFENDANTS**<br>Williams Forestry & Associates, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Hunton & Willams LLP           Togut, Segal & Segal LLP<br>Riverfront Plaza, East Tower    One Penn Plaza, Suite 3335<br>951 East Byrd Street              New York, NY 10119<br>Richmond, VA 23219              (212) 594-5000<br>(804) 788-8200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and Recovery of Preferences and Fraudulent Conveyances, Disallowance of Claims

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $60,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>JAMES RIVER COAL COMPANY, *et al.* | | BANKRUPTCY CASE NO.<br>14-31848 (KRH) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Huennekens |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>N/A | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Justin F. Paget* | | | |
| DATE<br><br>March 30, 2015 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Justin F. Paget | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

| | |
|---|---|
| **TOGUT, SEGAL & SEGAL LLP**<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>Telephone (212) 594-5000<br>Facsimile (212) 967-4258<br>Neil Berger (admitted *pro hac vice*)<br>Jeffrey R. Gleit (admitted *pro hac vice*)<br>Brian Moore (admitted *pro hac vice*)<br><br>*Special Bankruptcy Counsel to the Debtors*<br>*and Debtors-in-Possession* | **HUNTON & WILLIAMS LLP**<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br>Telephone (804) 788-8200<br>Facsimile (804) 788-8218<br>Tyler P. Brown (VSB No. 28072)<br>Henry P. (Toby) Long, III (VSB No. 75134)<br>Justin F. Paget (VSB No. 77949)<br><br>*Local Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>JAMES RIVER COAL COMPANY, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 14-31848 (KRH)<br><br>(Jointly Administered) |
| JAMES RIVER COAL COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAMS FORESTRY & ASSOCIATES, LLC,<br><br>Defendant. | Adv. Pro. No. 15_____ (KRH)<br><br>**Complaint to Avoid and Recover Avoidable Transfers** |

James River Coal Company and its affiliated debtors (collectively, the "**Debtors**" or "**Plaintiffs**"), by and through their undersigned counsel, file this complaint (the "**Complaint**") to avoid and recover certain transfers made by Plaintiffs to or for the benefit of William Forestry & Associates, LLC (the "**Defendant**"), on

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number are listed on Schedule 1 attached hereto.

knowledge as to themselves and as to all other matters on information and belief, respectfully alleges:

## NATURE OF THE ACTION

1. Plaintiffs seek a money judgment relating to certain avoidable transfers identified on **Exhibit(s) 1** attached hereto that were made by Plaintiffs to Defendant during the ninety (90) day period preceding the commencement of the Debtors' bankruptcy cases (each transfer, an "**Avoidable Transfer**" and, collectively, the "**Avoidable Transfers**").

2. Plaintiffs seek entry of a judgment against Defendant: (i) avoiding (a) pursuant to 11 U.S.C. (the "**Bankruptcy Code**") § 547(b), preferential transfers to or for the benefit of the Defendant, or, in the alternative, subject to proof, (b) pursuant to Bankruptcy Code § 548(a)(1)(B) any transfers that may have been fraudulent transfers; (ii) pursuant to Bankruptcy Code § 550(a), directing Defendant to pay to Plaintiffs an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (iii) pending such payment, disallowing any claim of Defendant against Plaintiffs pursuant to Bankruptcy Code § 502 (a)–(j) ("**Section 502**").

3. To the extent that Defendant has filed a proof of claim or has a claim listed on the Plaintiffs' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' estates (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiffs' rights to object to such Claims for any reason including, but not limited to, Bankruptcy Code § 502, and such rights are expressly reserved.

## JURISDICTION AND VENUE

4. This adversary proceeding relates to the Chapter 11 cases of *James River Coal Company, et al.*, Case No. 14-31848 (KRH) (jointly administered), pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Court**").

5. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

6. The statutory and legal predicates for the relief sought herein are Bankruptcy Code Sections 502, 547, 548 and 550 and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. The Debtors consent to entry of final orders and judgments by the Court in this adversary proceeding.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## PROCEDURAL AND FACTUAL BACKGROUND

10. On April 7, 2014 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

11. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

12. On April 15, 2014, the United States Trustee for the Eastern District of Virginia (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") pursuant to Section 1102 of the Bankruptcy Code [Dkt. No. 106].

13. Prior to the Petition Date, Plaintiffs were a leading producer and marketer of coal in the Central Appalachia and Midwest coal regions of the United States.

14. During the ninety (90) days before the Petition Date, that is between January 6, 2014 through and including April 6, 2014 (the "**Preference Period**"), Plaintiffs continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

15. During the course of their relationship, the Plaintiffs and Defendant entered into agreements, evidenced by invoices, communications and other documents (collectively, the "**Agreements**"), pursuant to which the Plaintiffs and Defendant conducted business with one another.

16. Plaintiffs seek to avoid all of the transfers of an interest in any the Plaintiffs' property made by Plaintiffs to Defendant during the Preference Period.

### COUNT I - TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. During the Preference Period, Plaintiffs made transfers to, or for the benefit of, Defendant in the amounts set forth on Exhibit(s) 1, which is incorporated by reference herein.

19. During the Preference Period, Defendant was a creditor of the Plaintiffs within the meaning of Section 547(b)(1) of the Bankruptcy Code at the time of each Avoidable Transfer by virtue of supplying goods and/or services for which Plaintiffs was obligated to pay.

20. The Avoidable Transfers were transfers of an interest in Plaintiffs' property.

21. According to the Debtors' books and records, the Avoidable Transfers were made to, or for the benefit of, the Defendant because each Avoidable Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiffs to Defendant.

22. The Avoidable Transfers were made for or on account of antecedent debts owed by Plaintiffs and described in Exhibit(s) 2.

23. The Avoidable Transfers were made while Plaintiffs were insolvent. The Plaintiffs are entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code. Further, as evidenced by, among other things: (i) the Debtors' bankruptcy petitions (publicly filed with the Bankruptcy Court [Dkt. No. 1]); (ii) the *Declaration of Peter T. Socha in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* ¶ 22 [Dkt. No. 5]; (iii) the proofs of claim that have been filed against the Debtors' estates; and (iv) the Plaintiffs' publicly-filed schedules, the Plaintiffs' liabilities exceeded the value of the Debtors' assets during the Preference Period.

24. Plaintiffs estimate that its general unsecured creditors will receive less than full value on account of their allowed claims against Plaintiffs' estates.

25. The Avoidable Transfers were made on or within 90 days prior to the Petition Date.

26. The Avoidable Transfers enabled Defendant to receive more than it would receive if (a) the Plaintiffs' cases were under Chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

27.    Defendant was either the initial transferee of the Avoidable Transfers, the entity for whose benefit the Avoidable Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Avoidable Transfers.

28.    By reason of the foregoing, each Avoidable Transfer should be avoided and set aside as a preferential transfer pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II - TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

29.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein.

30.    The Avoidable Transfers were made within two (2) years prior to the Petition Date.

31.    The Avoidable Transfers were made to, or for the benefit of, the Defendant.

32.    Subject to proof, Plaintiffs plead, in the alternative, that to the extent that Defendant demonstrates that one or more of the Avoidable Transfers were not on account of an antecedent debt or were prepayments for goods and/or services, Plaintiffs did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the Avoidable Transfers or (b) because the Plaintiffs that made the Avoidable Transfers were not the Debtors that received such goods and/or services and such Plaintiffs were: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with such Plaintiffs was unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or

(iii) intended to incur, or believed that it would incur, debts that would be beyond their ability to pay as such debts matured (the "**Potentially Fraudulent Transfers**").

33. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

### COUNT III - TO RECOVER AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550

34. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiffs are entitled to avoid the Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, alternatively, the Potentially Fraudulent Transfers (together, the "**Transfers**") pursuant to Section 548 of the Bankruptcy Code.

36. Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

37. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiffs are entitled to recover from Defendant an amount to be determined at trial that is not less than the total amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

### COUNT IV - TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

38. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

40.    Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

41.    Defendant has not paid to Plaintiffs the amount of the Transfers, or turned over such property to Plaintiffs, for which Defendant is liable under Section 550 of the Bankruptcy Code.

42.    Pursuant to Section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Plaintiffs' estates, or Plaintiffs, must be disallowed until such time as Defendant pays to Plaintiffs all amounts sought herein.

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment against Defendant:

   a) avoiding all Avoidable Transfers pursuant to Section 547(b) of the Bankruptcy Code, or, in the alternative, pursuant to Section 548 of the Bankruptcy Code;

   b) pursuant to Section 550(a) of the Bankruptcy Code, directing Defendant to pay to Plaintiffs an amount to be determined at trial that is not less than the full amount of the Transfers, plus interest and costs;

   c) disallowing any Claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

   d) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiffs' first demand to return all Avoidable Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

   e) awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full, plus costs;

   f) requiring Defendant to pay forthwith the amount of the Judgment; and

*[concluded on the following page]*

g) granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: Richmond, Virginia
March 30, 2015

**JAMES RIVER COAL COMPANY,** *et al.*
Chapter 11 Debtors and Debtors-in-Possession
By Their Attorneys:

**HUNTON & WILLIAMS LLP**
*Local Counsel to the Debtors*
*and Debtors-in-Possession*

By: /s/ Justin F. Paget
Tyler P. Brown (VSB No. 28072)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

- and -

**TOGUT, SEGAL & SEGAL LLP**
*Special Bankruptcy Counsel to the Debtors*
*and Debtors-in-Possession*

By: /s/ Neil Berger
Neil Berger (admitted *pro hac vice*)
Jeffrey R. Gleit (admitted *pro hac vice*)
Brian Moore (admitted *pro hac vice*)
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Facsimile: (212) 967-4258

# SCHEDULE 1
## (Debtor Entities)

1. James River Coal Company (2012)
2. BDCC Holding Company, Inc. (3200)
3. Bell County Coal Corporation (0806)
4. Bledsoe Coal Corporation (4821)
5. Bledsoe Coal Leasing Company (6654)
6. Blue Diamond Coal Company (3812)
7. Buck Branch Resources LLC (1459)
8. Chafin Branch Coal Company, LLC (7873)
9. Eolia Resources, Inc. (0587)
10. Hampden Coal Company, LLC (4334)
11. International Resource Partners LP (8669)
12. International Resources Holdings I LLC (9838)
3. International Resources Holdings II LLC (1567)
14. International Resources, LLC (2522)
15. IRP GP Holdco LLC (5380)
16. IRP Kentucky LLC (1454)
17. IRP LP Holdco Inc. (4447)
18. IRP WV Corp. (6050)
19. James River Coal Sales, Inc. (3417)
20. James River Coal Service Company (2577)
21. James River Escrow Inc. (0314)
22. Jellico Mining, LLC (4545)
23. Johns Creek Coal Company (9412)
24. Johns Creek Elkhorn Coal Corporation (9199)
25. Johns Creek Processing Company (4021)
26. Laurel Mountain Resources LLC (1458)
27. Leeco, Inc. (4176)
28. Logan & Kanawha Coal Co., LLC (5716)
29. McCoy Elkhorn Coal Corporation (8373)
30. Rockhouse Creek Development, LLC (9583)
31. Shamrock Coal Company, Incorporated (1843)
32. Snap Creek Mining, LLC (6858)
33. Triad Mining Inc. (9005)
34. Triad Underground Mining, LLC (9041)

## EXHIBIT "1"

### JAMES RIVER COAL CO., *et al.*

vs.

### WILLIAMS FORESTRY & ASSOCIATES, LLC

| Date of Transfer | Check or Wire No. | Transfer Amount | Transfer Type | Debtor |
|---|---|---|---|---|
| 2/6/2014 | 033614 | $20,000.00 | Check | Service Op |
| 3/3/2014 | 033702 | $20,000.00 | Check | Service Op |
| 4/4/2014 | 034031 | $20,000.00 | Check | Service Op |
| | TOTAL: | **$60,000.00** | | |

Defendant's name in this Exhibit may differ than the Defendant's name in the caption of the Complaint as a result of how the Defendant's name may have been kept in the Plaintiffs' books and records, and is provided above to assist Defendant in identifying transfers in Defendant's records. Any variance does not constitute a waiver or admission by Plaintiffs.

## EXHIBIT "1"

### JAMES RIVER COAL CO., *et al.*

vs.

### XPRESS CONVEYOR & VULCANIZING, INC.

| Date of Transfer | Check or Wire No. | Transfer Amount | Transfer Type | Debtor |
|---|---|---|---|---|
| 2/5/2014 | 033655 | $3,050.00 | Check | Service Op |

**TOTAL:**    $3,050.00

Defendant's name in this Exhibit may differ than the Defendant's name in the caption of the Complaint as a result of how the Defendant's name may have been kept in the Plaintiffs' books and records, and is provided above to assist Defendant in identifying transfers in Defendant's records. Any variance does not constitute a waiver or admission by Plaintiffs.

## EXHIBIT "2"

### James River Coal Co., *et al.*
### vs.
### WILLIAMS FORESTRY & ASSOCIATES, LLC

| Check or Wire No. | Invoice Paid Amount | Invoice Date | Invoice No. | Debtor |
|---|---|---|---|---|
| 033614 | $20,000.00 | 11/19/2013 | 7100 | Service Op |
| 033702 | $20,000.00 | 12/12/2013 | 7110 | Service Op |
| 034031 | $20,000.00 | 1/10/2014 | 7127 | Service Op |
| **TOTAL:** | **$60,000.00** | | | |

Defendant's name in this Exhibit may differ than the Defendant's name in the caption of the Complaint as a result of how the Defendant's name may have been kept in the Plaintiffs' books and records, and is provided above to assist Defendant in identifying transfers in Defendant's records. Any variance does not constitute a waiver or admission by Plaintiffs.

# EXHIBIT "2"

## James River Coal Co., *et al.*
## vs.
## XPRESS CONVEYOR & VULCANIZING, INC.

| Check or Wire No. | Invoice Paid Amount | Invoice Date | Invoice No. | Debtor |
|---|---|---|---|---|
| 033655 | $3,050.00 | 12/20/2013 | 106252 | Service Op |
| **TOTAL:** | **$3,050.00** | | | |

Defendant's name in this Exhibit may differ than the Defendant's name in the caption of the Complaint as a result of how the Defendant's name may have been kept in the Plaintiffs' books and records, and is provided above to assist Defendant in identifying transfers in Defendant's records. Any variance does not constitute a waiver or admission by Plaintiffs.